LINCOLN TRUST COMPANY OF NEW JERSEY, PLAINTIFF, v. WILLIAM F. BIRCH ET AL., PARTNERS, ETC., DEFENDANTS.

Argued May 8, 1929—Decided March 4, 1930.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the rule, *Robert H. McCarter.*

*Contra, William H. Carey* and *Albert C. Wall.*

255

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The plaintiff corporation brought suit upon three promissory notes aggregating $100,000 exclusive of interest. These notes were each of them signed with the name of the partnership by one Anderson, the attorney in fact of the partners, and who was duly authorized by them to sign the firm name to negotiable instruments as the maker thereof. They were drawn to the order of the Lincoln Trust Company and were given in renewal of other notes held by that corporation which were made by the defendants acting through their attorney Anderson, some of which were made payable to the order of the trust company and others of which were discounted by it. The defense to the plaintiff's claim set up by the defendant Birch was that the original notes were given in consummation of a scheme entered into by his partner, Bassett, with a man named Signer, the purpose of which was to appropriate partnership funds to the use of the latter without any consideration moving from him and without the knowledge of Birch, thus defrauding him to the extent of at least fifty per cent. of the total amount represented by the notes. At the close of the testimony taken at the trial the court charged the jury that a payee without notice of the want of authority on the part of a partner is entitled to hold all the members of the firm upon negotiable paper issued in the firm name by such partner; but that no such right attaches to a payee or holder having knowledge or notice that the paper was issued by a partner without the authority or assent of his co-partner and for a purpose outside the scope of the partnership business, such as for the purpose of lending the credit of the firm to another for his accommodation or otherwise to defraud his co-partner. The court then proceeded to say that if the defendant Birch assented to or authorized the use of the firm name in the making of these notes—that is, for the accommodation and benefit of Signer—the plaintiff was entitled to a verdict, but that if Birch did not assent to or authorize such use of the firm name but all or any of such notes were issued by the direction of Bassett without authority and for the benefit and accommodation of Signer, then it would be for the jury to determine

whether the plaintiff, the Lincoln Trust Company, took them before maturity for value and without notice or knowledge that they were issued for the benefit and accommodation of Signer—if that is a fact; "and so, if you should find that any note or notes were issued without the assent or authority of Birch and for the accommodation of Signer, then in order for the plaintiff to be a *bona fide* holder thereof it must have taken them for value, before maturity, and without notice at the time that they were accommodation notes for which the firm of Birch and Bassett got no benefit whatever." The consideration given by the jury to the testimony in the case and the instruction of the court led them to return a verdict in favor of the plaintiff for the total amount of its claim.

The principal ground argued for making this rule absolute is that the verdict is against the weight of the evidence. We think this contention is not justified by the proofs. In order to entitle it to recover the plaintiff was required to establish that it was a holder in due course of the notes sued upon—that is, that each of the original notes (of which those sued upon were renewals) was complete and regular upon its face; that the plaintiff became the holder of each of them before maturity, that it took them in good faith and for value, and that at the time these notes were negotiated to it the company had no notice of any infirmity in either of them or defect in the title of the person negotiating the same. The proofs demonstrate that the original notes as well as those given in renewal thereof were each of them complete and regular upon its face. It is not disputed that the plaintiff became the holder of the original notes before maturity. It is practically conceded that it paid full value for each of the notes. Under the instruction of the court the jury found that the plaintiff took these notes in good faith, and that at the time of the negotiation thereof it had no notice of any infirmity in the instruments or any defect in the title of the person negotiating them. It is admitted by counsel for the defendant that by force of the decision of the Court of Errors and Appeals in *Maurer* v. *Hahn,* 105 *N. J. L.* 494, the payee of a note can be a holder thereof in due course after

a negotiation thereof by a transfer to it. Consequently the only matter in dispute was whether the plaintiff took these several negotiable instruments in good faith, and whether at the time they were respectively negotiated to it it had notice of any infirmity in the instrument or of any defect in the title of the person negotiating them. This question was fairly left to the jury under the instruction of the court which has been heretofore recited, and, with that instruction in mind, the jury found in favor of the plaintiff upon this question. Our reading of the proofs leads us to the conclusion that the jury was entirely justified in this finding and that consequently their verdict is not against the weight of the evidence.

It seems hardly necessary to add that, if the plaintiff was the holder in due course of the original notes, and was entitled to recover the amounts due upon them as they matured, the extension of the time of the payment thereof by the acceptance of the renewal notes did not change its status; and that it is entitled to enforce its rights of payment by suit upon the renewal notes to the same extent that it could have enforced such right by suit brought upon the original obligations.

Other grounds for making the rule absolute are directed at the refusal of the trial judge to charge certain requests submitted by counsel for the defendant Birch. Our consideration of the requests leads us to the conclusion that they were properly refused for the reason that they dealt with matters which were entirely immaterial in view of what has already been written with relation to the fundamental questions in the case. The same is true with relation to certain exceptions taken to the instructions relating to the delivery of the notes. We find no error in those instructions.

Lastly, it is said that there was error committed by the trial court in its rulings on evidence which was sought to be introduced by the defendants. The evidence referred to was, in our opinion, wholly immaterial and therefore properly excluded.

The rule to show cause will be discharged.